UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>BEVERLEY A. WILSON,<br><br>          Debtor. | FOR PUBLICATION<br><br>Case No. 10-14792<br>Chapter 7 |

**MEMORANDUM OPINION AND ORDER DENYING BEVERLEY A. WILSON'S**
<u>**MOTION TO REOPEN CHAPTER 7 CASE**</u>

*A P P E A R A N C E S:*

BEVERLEY A. WILSON
*Pro Se*
304 Torry Avenue
Bronx, NY 10473

PARKER IBRAHIM & BERG LLC
*Counsel for Secured Creditor JPMorgan Chase Bank, N.A.*
5 Penn Plaza, Ste. 2371
New York, NY 10001
By: James P. Berg, Esq.
   Joseph H. Lemkin, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

   Pending before the Court is Beverley A. Wilson's ("Wilson" or "Debtor") *Ex Parte Motion to Reopen Chapter 7 Case Due to Violation of "Discharge" in Chapter 7 Bankruptcy Rec. No. 191802* ("Motion," ECF Doc. # 24). The Debtor appears to be requesting that the Court reopen her chapter 7 case to permit her to bring an action against Citibank, N.A. ("Citibank") for an alleged violation of the discharge injunction in her now-closed case because, she alleges, Citibank is seeking to foreclose on the Debtor's property located at 3095 Seacrest Boulevard, Boynton Beach, Florida. On June 3, 2013, JPMorgan Chase Bank, N.A. ("Chase") filed an objection ("Objection," ECF Doc. # 25). As described in a letter to the Court dated June 19,

1

2013 (ECF Doc. # 27), the Boynton Beach mortgage was securitized into the Bear Stearns ALT-A Trust II, Mortgage Pass-Through Certificates Series 2007-1. Chase is servicing the mortgage on the Debtor's Boynton Beach home for the trustee, who is currently Wilmington Trust, N.A. ("Wilmington Trust"). Wilmington Trust succeeded Citibank as trustee in December 2012.

Because the automatic stay is no longer in effect and the discharge injunction only prevents a creditor from taking an action to collect on a discharged personal liability, and not from enforcing its mortgage lien by foreclosing on property, the Debtor has not demonstrated that she would be entitled to relief if her chapter 7 case is reopened. Therefore, as explained below, Wilson's motion to reopen the chapter 7 case is **DENIED**.

## I.    BACKGROUND

On September 10, 2010, Wilson filed a voluntary petition for chapter 7 relief in this Court. She had previously filed a chapter 7 case in the Middle District of Florida in 1988; that case was closed in 1993. In her chapter 7 petition in this case, Wilson listed assets in the amount of $176,000, $170,000 of which was for two properties in Florida, one in Boynton Beach ("Boynton Beach Property") and the other in Lake Worth ("Lake Worth Property"). Wilson listed $390,859 in secured liabilities and $134,671 in unsecured liabilities. *See* Petition at 14 (ECF Doc. # 1).

Wilson's schedules listed mortgages on the two properties: $182,500, allegedly owed to EMC Mortgage, on the Boynton Beach Property; and $202,764, allegedly owed to Nationstar Mortgage, on the Lake Worth Property.[1] Wilson placed a value of $70,000 on the Boynton

---

[1]    It is unclear to the Court how or when the mortgage to EMC Mortgage was transferred. The Motion lists the mortgagee as follows: "Citibank, N.A., as trustee for the Certificateholders of Structured Asset Mortgage Investments II Inc., Bear Stearns ALT-A Trust II, Mortgage Pass-Through Certificates Series 2007-1." According to Chase's counsel, the mortgage was part of a securitization trust where Citibank served as the trustee; Wilmington Trust is now the trustee over the securitization trust. (*See* ECF Doc. # 27.) In any event, who holds the mortgage and whether it has demonstrated standing to foreclose is an issue for the court in the Florida Action, as defined below. Nothing in this Opinion resolves that issue.

2

Beach Property, resulting in a $112,500 unsecured deficiency due to the mortgagee. She placed a value of $100,000 on the Lake Worth Property, resulting in a $102,764 unsecured deficiency due to the mortgagee. Wilson's Statement of Intention indicated that Wilson wished to retain the Lake Worth Property and reaffirm the debt.[2] The Statement of Intention does not include a statement indicating whether Wilson wished to surrender or retain the Boynton Beach Property.

At the time of Wilson's chapter 7 filing in New York, a mortgage foreclosure action was pending in the state court in the Fifteenth Judicial Circuit Court in Palm Beach County, Florida (the "Florida Action," Case No. 502009CA004105XXXXMBAW, filed February 3, 2009). The filing of the bankruptcy case on September 10, 2010 stayed the foreclosure sale of Debtor's property.

On May 23, 2011, the Chapter 7 Trustee submitted a *Report of No Distribution.* The Report indicated that the Chapter 7 Trustee abandoned to the Debtor the two Florida properties and a Nissan truck with secured debt exceeding the value of the vehicle. On September 24, 2011, the Court entered an *Order of Discharge and Order of Final Decree with Certificate of Mailing* (ECF Doc. # 23). The case was closed on October 7, 2011.

On May 6, 2013, Wilson filed the instant Motion requesting the Court reopen her chapter 7 case because Citibank allegedly violated the discharge by reopening a foreclosure case with respect to the Boynton Beach Property.[3] According to the state court docket sheet, on October 11, 2011, Citibank filed a notice in the Florida Action of the Debtor's bankruptcy discharge, and

---

[2]    The docket sheet does not record that a reaffirmation agreement was actually entered.

[3]    In her Motion, Wilson described the property as located in "West Palm Beach Florida," but did not provide any additional information. In its Objection, Chase identified the property as the Boynton Beach Property listed in the Debtor's schedules to her petition. The Debtor acknowledged during argument that the Boynton Beach Property is the property at issue.

3

the Florida Action has since proceeded with the last docket entry in that case on February 13, 2013.

Chase, a secured creditor in this case and the current servicer of the Debtor's mortgage, filed an objection to the Motion. Chase argued, among other things, that section 524(a)(2) of the Bankruptcy Code, which governs discharge of debt, only prevents the enforcement of personal liability. Moreover, section 524(a)(2) does not prevent a foreclosure on the mortgage lien, because the lien rides through the bankruptcy case and is not released or made unenforceable by the bankruptcy discharge. *See* Obj. ¶ 5-8. The Court agrees.

## II.   DISCUSSION

Wilson's request to reopen her closed chapter 7 case to allow her to file an adversary proceeding against Citibank for an alleged violation of the discharge injunction requires the Court to consider two issues: first, what the standard is for reopening a closed case under section 350(b) of the Bankruptcy Code, and, second, whether an action to foreclose on the mortgage (but not to collect the debt as a personal liability) violated the discharge injunction arising from section 524(a) of the Bankruptcy Code.

### A.   The Court Finds No "Cause" for Reopening Wilson's Closed Case

FED. R. BANKR. P. 5010 provides: "A case may be reopened on motion of the debtor . . . pursuant to § 350(b) of the Code." Section 350(b) permits the bankruptcy court to reopen a case "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The Code does not define "other cause," and the decision to reopen is discretionary. *See In re Easley-Brooks*, 487 B.R. 400, 406 (Bankr. S.D.N.Y. 2013) (citing *In re Cruz*, 254 B.R. 801, 804 (Bankr. S.D.N.Y. 2000)). The movant bears the burden to demonstrate cause for reopening the case. *Id.* (citing *In re Otto*, 311 B.R. 43, 47 (Bankr. E.D. Pa. 2004)).

4

In determining whether "cause" exists, the court "may consider numerous factors including equitable concerns, and ought to emphasize substance over technical considerations." *Id.* at 406-07 (citing *In re Emmerling*, 223 B.R. 860, 864 (B.A.P. 2d Cir. 1997)). Factors to consider include:

> (1) the length of time that the case was closed;
> (2) whether a nonbankruptcy forum has jurisdiction to determine the issue which is the basis for reopening the case;
> (3) whether prior litigation in the bankruptcy court determined that a state court would be the appropriate forum;
> (4) whether any parties would suffer prejudice should the court grant or deny the motion to reopen;
> (5) the extent of the benefit to the debtor by reopening; and
> (6) whether it is clear at the outset that no relief would be forthcoming to the debtor by granting the motion to reopen.

*In re Otto*, 311 B.R. at 47.

Here, the last factor is decisive. As explained below, because the foreclosure action is not barred by the automatic stay or the discharge provisions of section 524, it is clear at the outset that no relief to the Debtor would be forthcoming if the case was reopened. *See State Bank of India v. Chalasani (In re Chalasani)*, 92 F.3d 1300, 1307 (2d Cir. 1996) (stating that "if the decision not to reopen was bottomed on a finding that the default judgment could not be set aside, such is a permissible basis to deny relief, because reopening in that event would be meaningless").

B.    **The Automatic Stay Is No Longer in Effect to Bar the Foreclosure Action**

The automatic stay arising upon the filing of a bankruptcy case under section 362(a) prevents a mortgagee from foreclosing on a lien against property of the estate, 11 U.S.C. § 362(a)(4), or against property of the debtor, 11 U.S.C. § 362(a)(5), at least while the case remains open. Upon the closing of a case, any remaining property of the estate abandoned by the chapter 7 trustee revests in the debtor, 11 U.S.C. § 554(c) ("Unless the court orders otherwise,

5

any property scheduled under section 521(a)(1) of this title and not otherwise administered at the time of the closing of a case is abandoned to the debtor . . . ."), and the stay under section 362(a)(4) no longer has any effect. *See id*. § 362(c)(2)(A) (providing that "the stay of any act under subsection (a) of this section continues until such property is no longer property of the estate").

In a chapter 7 case of an individual, the automatic stay continues only "until the time a discharge is granted or denied." *See id*. § 362(c)(2)(C). Therefore, after Wilson received her discharge on September 24, 2011, the automatic stay no longer barred foreclosure of a lien on her property. After the discharge was received, the issue then becomes the scope of the protection Wilson received as a result of the discharge injunction.

C. **The Discharge Injunction Bars Enforcement of Personal Liability**

Section 524(a) of the Code provides:

> (a) A discharge in a case under this title-(1) voids any judgment at any time obtained, *to the extent that such judgment is a determination of the personal liability of the debtor* . . . [and] (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt *as a personal liability of the debtor* . . . .

11 U.S.C. § 524(a) (emphasis added).

Section 524(a)(2) only prevents enforcement of personal liability; it does not prevent foreclosure of a mortgage that remains in default after a discharge is issued and a chapter 7 case is closed. *See Drew v. Chase Manhattan Bank, N.A.*, 185 B.R. 139, 141-42 (S.D.N.Y. 1995) (holding that foreclosure on a debtor's property did not violate the discharge injunction because "while the [debtor's] personal obligation is discharged in bankruptcy, a valid mortgage lien survives the bankruptcy"); *see also Mayton v. Sears, Roebuck & Co. (In re Mayton),* 208 B.R.

6

61, 66-67 (B.A.P. 9th Cir. 1997) ("After discharge, . . . while the secured creditor is free to foreclose on collateral, § 524(a)(2) otherwise enjoins the creditor from attempting to collect or enforce the debt.").

Therefore, section 524(a)(2) acts only as a bar to the "commencement or continuation" of acts or actions to collect a discharged debt "as a personal liability." This provision does not prevent foreclosure of a lien on property. Wilson has made no showing that either Chase or Wilmington Trust seeks to enforce any debt as a personal liability. Chase and Wilmington Trust do not violate the discharge injunction from Wilson's bankruptcy case by seeking to foreclose on the Boynton Beach Property as long as they do not seek to recover on any personal liability of Wilson.[4]

### III.    CONCLUSION

For the foregoing reasons, Wilson's motion to reopen this chapter 7 case is **DENIED.**

**IT IS SO ORDERED.**

Dated:    June 25, 2013
         New York, New York

                                    ___*Martin Glenn*_____
                                       MARTIN GLENN
                                    United States Bankruptcy Judge

---

[4]   The result here does not necessarily mean that Wilson has no recourse or alternatives available to avoid foreclosure. She may be eligible to participate in a mortgage modification program, such as HAMP, or she may have state law defenses to foreclosure. When questioned during argument whether she had contacted the loan servicer to explore the possibility of a loan modification, Wilson responded that she had not done so. The only thing the Court decides is that Wilson's closed bankruptcy case cannot provide a vehicle to avoid the foreclosure action.

7